**UNITED STATES of America, Appellee,**

v.

**Sol R. RAUCH, Marc Rauch and Lawrence Corsa, Appellants.**

**Nos. 744, 773, 774, Dockets 77–1311, 77–1312, 77–1321.**

United States Court of Appeals, Second Circuit.

Argued March 13, 1978.

Decided April 13, 1978.

Joseph P. Hoey, New York City (Brady, Tarpey, Hoey, Michael W. O'Sullivan, Richard D. Furlong, New York City, of counsel), for appellant (S. Rauch).

Donald E. Nawi, New Rochelle, N. Y., for appellant (M. Rauch).

Jack Kaplan, New York City (Peter J. Romatowski, Jonathan D. Britt, Carter, Ledyard & Milburn, New York City, of counsel), for appellant (L. Corsa).

Gary A. Woodfield, Sp. Asst. to the U. S. Atty., Brooklyn, N. Y. (David G. Trager, U. S. Atty. for the Eastern District of New York, Harvey M. Stone, Thomas D. Sclafani, Asst. U. S. Attys., Brooklyn, N. Y., of counsel), for appellee.

Before MULLIGAN and GEWIN,* Circuit Judges, and MILLER,** Judge, U. S. Court of Customs and Patent Appeals.

PER CURIAM:

Appellants Sol R. Rauch, his son Marc Rauch, and his son-in-law Lawrence Corsa, were jointly tried and convicted by a jury of 14 counts of mail fraud. Their convictions arose out of the operation of a mail order business, Federal Coin Reserve, Inc., which sold rare coins for investment purposes. Marc Rauch was president of the company, Lawrence Corsa was vice-president, and Sol Rauch was its attorney.

On appeal each defendant specifies a number of errors, some of which are similar, which they contend require reversal of their convictions: (1) the evidence was insufficient; (2) the charge to the jury was inadequate; (3) a conflict of interest occurred when counsel for Marc Rauch and Lawrence Corsa assisted the pro se defense of Sol Rauch; (4) the court failed to designate regular and alternate jurors until the end of trial; (5) there was prosecutorial misconduct; (6) requested instructions were not given; (7) the trial court "coerced" Corsa into waiving indictment and proceeding by information; (8) the court improperly amended the indictment; and (9) the judge made erroneous evidentiary rulings.

■ We have examined the briefs and the record and given close attention to appellants' claims at oral argument but conclude that no error requiring reversal was committed. "A defendant is entitled to a fair trial but not a perfect one." *Lutwak v. United States,* 344 U.S. 604, 619, 73 S.Ct. 481, 490, 97 L.Ed. 593, 605 (1953). While the evidence against each party was not of equal weight, there was sufficient evidence as to each appellant to support the jury's verdict.

---

* Of the United States Court of Appeals for the Fifth Circuit, sitting by designation.

** Of the United States Court of Customs and Patent Appeals, Washington, D. C., sitting by designation.